Michele C. Atkins, WSBA #32435
FAIN ANDERSON VANDERHOEF, ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK COX, individually, and the ESTATE OF SUSAN A. COX by and through Personal Representative Mark Cox; SUSAN A. COX by and through MARK COX, <br><br> Plaintiffs, <br><br> v. <br><br> GRITMAN MEDICAL CENTER; GRITMAN MEDICAL CENTER d/b/a MOSCOW FAMILY MEDICINE; PATRICIA N. MARCIANO, M.D.; TODD BLEDSOE PA-C; and others TBD, <br><br> Defendants. | NO. 2:23-cv-00031-MKD <br><br> DEFENDANT PATRICIA MARCIANO, M.D.'S ANSWER TO PLAINTIFF'S COMPLAINT <br><br> **(JURY TRIAL REQUESTED)** |

Defendant Patricia N. Marciano ("Defendant"), by and through its attorneys of record, Fain Anderson VanDerhoef Rosendahl O'Halloran Spillane, PLLC, hereby answers Plaintiff's Complaint for Damages for Medical Negligence and Wrongful Death ("Complaint") as follows:

### PLAINTIFFS' PREAMBLE

Defendant denies the allegations set forth in Plaintiffs' preamble to their Complaint.

### I. PARTIES, JURISDICTION, AND VENUE

1.1    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1.2     The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

1.3     The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

1.4     The allegations contained within this paragraph are legal conclusions that do not require a response. To the extent a response is required, deny. Plaintiffs are left to their proof.

1.5     The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

1.6     The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, do not require a response. To the extent that a response is required, deny for lack of information.

1.7     The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, do not require a response. To the extent that a response is required, deny for lack of information.

1.8     The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, do not require a response. To the extent that a response is required, deny for lack of information.

1.9     Deny.

1.10    Deny.

1.11    Deny.

1.12    Deny.

1.13    In response to the allegations contained within this paragraph, Answering Defendant admits that Dr. Marciano provided medical care to Susan Cox in the state of Idaho. Dr. Marciano was of the belief that Ms. Cox resided in Washington. The remainder of this paragraph is hereby denied.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 2

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1.14    Deny.

1.15    The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, does not require a response. To the extent that a response is required, deny for lack of information.

1.16    The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, does not require a response. To the extent that a response is required, deny for lack of information.

1.17    In response to the allegations contained within this paragraph, Answering Defendant admits that Dr. Marciano provided health care services to Susan Cox in Idaho. The remainder of this paragraph is hereby denied.

1.18    Deny.

1.19    Deny.

1.20    Deny.

1.21    Deny.

1.22    Deny.

1.23    Deny.

1.24    Deny.

1.25    Deny.

1.26    In answer to paragraph 1.26 and 1.27, Defendant admits that the 9th Circuit has determined specific jurisdiction in Washington and that venue is proper in the Eastern District of Washington, a finding Defendants dispute. Dr. Marciano denies all other allegations contained within paragraphs 1.26 and 1.27.

1.28    The allegations contained within this paragraph are not directed at the Answering Defendant and, therefore, do not require a response. To the extent that a response is required, deny.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 3

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

## II. **FACTS**

2.1    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

2.2    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

2.3    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied.

2.4    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied.

2.5    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied.

2.6    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied.

2.7    Deny.

2.8    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied. Subsections (a) through (e) of this paragraph contain argumentative characterizations and/or medical averments that do not require a response. To the extent that a response is required, deny. Answering Defendant expressly denies any allegation or implications of negligence, fault, liability, or that their actions were the proximate cause of any alleged injuries.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 4

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

2.9    Deny.

2.10    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied. Answering Defendant expressly deny any allegation or implications of negligence, fault, liability, or that their actions were the proximate cause of any alleged injuries.

2.11    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

2.12    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

2.13    The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied.

2.14    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied. Answering Defendant expressly denies any allegation or implications of negligence, fault, liability, or that their actions were the proximate cause of any alleged injuries.

2.15    To the extent the allegations in this paragraph are consistent with medical records, the allegations are admitted. To the extent the allegations in this paragraph are inconsistent or state facts outside medical records, the allegations are denied. Answering Defendant expressly denies any allegation or implications of negligence, fault, liability, or that their actions were the proximate cause of any alleged injuries.

2.16    Deny.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 5

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

2.17 The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied. Plaintiffs are left to their proof.

2.18 Admit.

2.19 The allegations contained within paragraph 2.19 call for a medical opinion which is an ultimate conclusion of fact upon which Dr. Marciano cannot opine on, therefore deny.

2.20 The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied. Plaintiffs are left to their proof.

2.21 The Answering Defendant lacks sufficient knowledge to admit or deny the allegations contained within this paragraph, therefore they are denied. Plaintiffs are left to their proof.

2.22 Deny.

2.23 Deny.

2.24 Deny.

### III.  CAUSES OF ACTION

MEDICAL NEGLIGENCE

3.1 Deny.

3.2 Deny.

3.3 Deny.

VIOLATION OF INFORMED CONSENT

3.4 Deny.

3.5 Deny.

3.6 Deny.

3.7 Deny.

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 6

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 • f. 206-749-0194

3.8    Deny.

RES IPSA LOQUITOR

3.9    Deny.

CAUSATION

3.10    Deny.

3.11    Deny.

3.12    Deny.

3.13    Deny.

## IV.  DAMAGES

4.1    Deny.

4.2    Deny.

4.3    Deny.

4.4    Deny.

## V.  RELIEF REQUESTED

Plaintiffs' request for relief does not require a response. However, to the extent that paragraphs 5.1 and 5.2 are deemed to contain factual allegations against the Answering Defendant, those allegations are hereby denied.

## VI.  JURY DEMAND

Plaintiffs' jury demand does not require a response. However, to the extent that paragraph 6.1 is deemed to contain factual allegations against the Answering Defendant, those allegations are hereby denied.

Defendant expressly denies any and all allegations contained in Plaintiffs' Complaint not specifically admitted above.

## VII.  AFFIRMATIVE DEFENSES

As further answer to the Plaintiffs' Complaint, and in order to preserve the right to assert

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 7

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

affirmative defenses at trial, Defendants hereby notify the Plaintiffs that they are pleading all theories of defense available pursuant to law. Based on the information now available, and pursuant to CR 8, 11, and 12, Defendants generally denies the Plaintiffs' allegations of negligence, causation, and damages, and reserves the right to assert affirmative defenses including but not limited to the following:

1. Plaintiffs' fails in whole or in part to state a claim or cause of action for which relief can be granted;

2. Plaintiffs' claims raise a choice of law issue between Idaho and Washington. The choice of law to be used in this case should be Idaho law;

3. A conflict of laws between Washington and Idaho laws exist for the purposes of Plaintiffs' claims and utilizing the most significant relationship test the choice of law is Idaho;

4. Plaintiffs' injuries and damages, if any, were proximately caused, in whole or in part, by a superseding, intervening acts, or omissions for which Dr. Marciano is not responsible or for whom Dr. Marciano has no control or agency relationships;

5. Contributory Negligence;

6. Dr. Marciano complied with the applicable standard of care;

7. Dr. Marciano obtained informed consent from Ms. Cox for treatment;

8. Failure to Mitigate

9. Assumption of Risk

10. Comparative Fault

11. Plaintiffs' claims and alleged damages are barred by the doctrine of estoppel and waiver;

12. Statute of Limitations;

13. Failure to state a claim upon which relief can be granted;

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 8

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

14. Dr. Marciano denies that she engaged in any wrongful or tortious act or conduct with respect to Plaintiffs;

15. Dr. Marciano denies that her conduct proximately caused the damages sought by Plaintiffs;

**Washington Specific Affirmative Defenses**

Should the Court determine that the appropriate choice of law in this matter is Washington, the following, to the extent established by the evidence, are Dr. Marciano's additional affirmative defenses:

16. Dr. Marciano is not subject to Washington Malpractice Statutes RCW 7.70 *et seq;*

17. Plaintiffs' alleged injuries and damages may have been caused and/or contributed to by the preceding or superseding actions of third-party persons or agents of nonparties, negligent or otherwise, and any fault should be apportioned among those persons under RCW 4.22.060/RCW 4.22.070; and

18. Dr. Marciano reserves the right to amend or add additional affirmative defenses as discovery is completed.

**Idaho Specific Affirmative Defenses**

Should the Court determine that the appropriate choice of law in this matter is Idaho, the following, to the extent established by the evidence, are Dr. Marciano's additional affirmative defenses:

19. Plaintiffs' claims and alleged damages are subject to all damage limitations as set forth within the Idaho Code and statutes;

20. Plaintiffs' own actions are subject to the contributory fault statute I.C. 6-801, and may bar complete recovery;

21. Plaintiffs' Estate has no claim for damages for any alleged injuries, I.C. 5-327;

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 9

22. Plaintiffs' claims and damages are limited to damages allowed in Idaho wrongful death and survival statutes; and

23. Dr. Marciano reserves the right to amend or add additional affirmative defenses as discovery is completed.

Defendant reserves the right to amend this Answer, and to assert additional affirmative defenses, third-party claims, counterclaims, and crossclaims as discovery in this matter is conducted, as well as the right to assert additional claims or actions against other parties, whether in this lawsuit or not as the facts develop.

Defendant asserts the above affirmative defenses in order to preserve the right to assert these matters at trial. Upon completion of discovery, and based upon the facts learned during discovery and investigation, Defendant may withdraw any of these affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

Now, therefore, having answered Plaintiffs' complaint by denying all allegations not expressly admitted here in, defendants ask for dismissal of Plaintiffs' complaint with prejudice, for an award of all cost and attorneys' fees, and for such other relief is a court deems just and equitable.

## DEFENDANTS' DEMAND FOR A JURY TRIAL

Should this matter proceed to trial, Defendants demand that all issues of fact be determined by a jury.

//

//

//

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 10

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

DATED this 22nd day of April, 2026

/s/ Michele C. Atkins
Michele C. Atkins, WSBA #32435
Attorney for Defendant
FAIN ANDERSON VANDERHOEF, ROSENDAHL
O'HALLORAN SPILLANE, PLLC
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
Ph:  206.749.0094
Fx:  206.749.0194
Email: michele@favros.com

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 11

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| ***Counsel for Plaintiffs***<br>Mary Schultz, WSBA #14198<br>Mary Schultz Law, P.S.<br>2111 E. Red Barn Lane<br>Spangle, WA 99031<br>Mary@MSchultz,com | ☑ E-Filed with CM/ECF<br>☐ Facsimile<br>☐ Regular U.S. Mail<br>☐ E-mail |
| ***Counsel for Defendant Gritman Medical Center***<br>William J. Schroeder, WSBA #7942<br>Anne Schroeder, WSBA #47952<br>KSB Litigation, P.S.<br>510 W. Riverside Ave., #300<br>Spokane, WA 99201<br>william.schroeder@ksblit.legal<br>aschroeder@Ksblit.legal | ☑ E-Filed with CM/ECF<br>☐ Facsimile<br>☐ Regular U.S. Mail<br>☐ E-mail |
| ***Counsel fo Defendant Todd Bledsoe, PA-C***<br>Mark W. Louvier<br>Evans, Craven & Lackie, P.S.<br>818 W. Riverside, Suite 250<br>Spokane, WA 99201<br>mlouvier@ecl-law.com | ☑ E-Filed with CM/ECF<br>☐ Facsimile<br>☐ Regular U.S. Mail<br>☐ E-mail |

Signed at Seattle, Washington this 22nd day of April, 2026.

/s/ Esther W. Wong
Esther W. Wong, Legal Assistant

DEFENDANT PATRICIA MARCIANO, M.D.'S
ANSWER TO PLAINTIFF'S COMPLAINT - 12

**FAIN ANDERSON VANDERHOEF**
**ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Avenue, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194